JOHN L. PIERCE, JR. v. THOMAS L. JONES

No. 756SC816

(Filed 5 May 1976)

**Boating — overtaking another boat — collision — sufficiency of evidence of negligence — no sudden emergency**

In an action to recover damages for injury to person and property sustained when defendant's boat collided with the rear of plaintiff's boat, evidence of defendant's negligence was sufficient to be submitted to the jury where it tended to show that defendant followed plaintiff for some 300 yards without overtaking him, plaintiff slowed down to negotiate the wake of a large party boat, and as plaintiff was crossing the second or third swell, the bow of defendant's boat came over the rear of plaintiff's boat and then slid off to the left; moreover, there was no evidence to support the conclusion that any negligence on the part of the party boat was the proximate cause of the accident so as to give rise to any rule that might relate to an inevitable accident or a sudden emergency.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 22 May 1975 in Superior Court, BERTIE County. Heard in the Court of Appeals 10 February 1976.

Pierce v. Jones

Plaintiff sought to recover damages from defendant for the negligent operation of his boat, alleging that the resulting collision caused both personal injury and property damage. Defendant counterclaimed for damages to his own boat.

The evidence for the plaintiff tended to show that on 14 July 1974, he was operating his 14 foot Boston Whaler near the Oregon Inlet channel. As he proceeded up the channel in a westerly direction he saw a much larger vessel, a party boat, heading east out of the channel toward the ocean. At the time the party boat was over 300 yards away.

Plaintiff proceeded at about 15 miles per hour on a course to keep clear of the party boat and when they met, they were about 100 yards apart. As the boats met, plaintiff decreased the speed of his boat to about 8 miles per hour in order to negotiate the 2 foot swells created by the party boat. He maintained a steady course and as he was crossing the second or third swell he was struck from the rear by defendant's 17 foot Glassmaster boat. The bow of defendant's boat came over the rear of plaintiff's boat and then slid off to the left. Plaintiff had not looked to his rear and did not see defendant's boat prior to the collision. As a result of the collision, plaintiff sustained personal injuries and his boat was damaged. Defendant told plaintiff that he would pay the repair bill for plaintiff's boat and that if plaintiff saw a doctor he would pay that bill.

Defendant testified that before the collision his boat had taken a position some 50 to 75 feet behind plaintiff's boat and about 10 or 15 feet to the right thereof.

The two boats had been travelling at the same speed and in the same position for about 300 yards. Defendant saw the party boat headed east at an estimated speed of 20 or 25 miles per hour. Plaintiff and defendant were proceeding west, and the party boat was about 50 or 75 yards north of them. The party boat was leaving a wake from four to six feet high. Plaintiff's boat encountered the wake before the defendant's boat and defendant did not see plaintiff's boat again until after the collision. When defendant's boat hit the wake, defendant cut off his power and then heard the noise of the collision. When he next saw plaintiff's boat it was facing north at an angle and the bow of defendant's boat was sliding off the rear of plaintiff's boat.

Defendant was not concerned about the size of the wake with respect to his boat but was afraid that plaintiff's smaller boat could not take the wake. After the collision, plaintiff told defendant that he had slowed down and turned north to get through the wake. Defendant did not tell plaintiff that he would pay for the repairs to plaintiff's boat or his doctor bills.

The jury answered issues of negligence and contributory negligence in favor of the plaintiff. The jury awarded $500.00 in property damages and $1583.00 for personal injury. From judgment on the verdict, defendant appealed.

*Pritchett, Cooke & Burch, by Stephen R. Burch and W. W. Pritchett, Jr., for plaintiff appellee.*

*Gillam & Gillam, by M. B. Gillam, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant's first assignment of error raises the question of whether the evidence warranted the submission of the case to the jury. In essence, he argues that only two conclusions can be drawn from the evidence, and either of those precludes recovery by plaintiff as a matter of law.

He first argues that plaintiffs' own evidence discloses that plaintiff, while his boat was being overtaken by defendant, failed to maintain his speed and that that failure was negligence *per se*. Defendant argues, therefore, that plaintiff's contributory negligence would bar recovery as a matter of law.

Defendant then argues that if the court could conclude that plaintiff's reduction of speed was excused by the "emergency" created by the party boat's wake, then the collision by defendant's boat with plaintiff's precipitated by that change of speed, would also be excusable. Defendant further argues that the operator of the party boat was negligent in creating the dangerous wake and that that negligence created the "emergency." He concludes, therefore, that if contributory negligence by plaintiff is absent, the negligence of the party boat in creating the "emergency" was the sole proximate cause of the accident.

We are not persuaded by the foregoing arguments and conclude that the evidence presented a case for the jury.

The rules of navigation for harbors, rivers and inland waters require that "every vessel, overtaking any other, shall

keep out of the way of the overtaken vessel." 33 U.S.C.S. Sec. 209. The rules also provide that where by these rules, "one of the two vessels is to keep out of the way, the other shall keep her course and speed." 33 U.S.C.S. Sec. 206. Defendant contends that plaintiff's admission that he decreased his speed from 15 miles per hour to eight miles per hour (in order to negotiate the wake of the party boat) is a violation of that safety section and is negligence *per se*. In the first place, defendant's testimony that he was proceeding behind plaintiff and that the boats were moving at the same speed would seem to negate the conclusion that defendant was overtaking plaintiff's boat. To have been an overtaking boat it would have to have been proceeding at such speed that, if maintained, it would have passed plaintiff's boat. If they were moving at the same speed it is obvious defendant would not have passed plaintiff. Secondly, the law is not so absurd that it prohibits the boat ahead from decreasing its speed when a reasonable man should know that the reduction is necessary in order to avoid a danger to navigation.

The record in this case does not support a conclusion that any negligence on the part of the party boat was the proximate cause of this accident so as to give rise to any rule that might relate to an "inevitable" accident or a "sudden emergency."

While charging the jury on negligence, the judge said:

" 'In the absence of anything which would give rise to the contrary he has the right to assume and act on the asumption that the other boat driver in this instance will obey the rules of the road, and that the term 'rules of the road' is referred to in maritime law just as it is in the operation of motor vehicles.' "

When the above excerpt is considered in the context of the entire charge, it is an accurate statement of law as it applies to the evidence in this case.

In summary, the case was properly submitted to the jury. It was for the jury to find the truth under the appropriate instructions that were given by the court as to the applicable law. After careful consideration of all of defendant's assignments of error, we find no reason, as a matter of law, to disturb the verdict.

No error.

Judges MORRIS and CLARK concur.